ANTONIA QUIÑONES VIUDA DE QUIÑONES, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 775.—*Sometido:* Junio 24, 1929. *Resuelto:* Junio 28, 1929.

*M. H. Ramírez Bagés,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Cierta finca urbana fué adjudicada a Jorge V. Domínguez y a otra heredera por un valor de $19,299.68. De esta suma, la cantidad de $18,066.68 representaba la participación here-

ditaria de los dos adjudicatarios, y el remanente se destinaba á cubrir ciertos créditos pendientes de pago por la Sucesión que debían ser satisfechos por dichos copartícipes. Al inscribirse en el registro de la propiedad la escritura, se hizo mención de esta obligación. Posteriormente, Antonia Quiñones adquirió la finca y solicitó que se cancelara mediante asiento en el registro la mención aludida. A esta solicitud se negó el registrador, por el fundamento de que la obligación de pagar esos créditos pendientes constituía un gravamen sobre la propiedad, y su mención en el registro de la propiedad no podía ser cancelada durante el transcurso de veinte años o hasta que se pagaran los créditos. La solicitud de cancelación fué hecha más de cinco años después de inscrita la escritura otorgada a favor de Domínguez y la otra coheredera.

El apartado (a) de la sección 1ª. de la Ley No. 12 de 1923, según fué enmendada en 1924, Leyes de ese año, página 109, autoriza la cancelación de menciones de hipotecas o de precio aplazado de la compraventa de inmuebles, después del transcurso de veinte años, a menos que se hubiere solicitado la inscripción del derecho mencionado dentro de plazo de un año siguiente al día 29 de agosto de 1923. La misma sección dispone más adelante que "dichos registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar también en el respectivo registro cualesquiera otras menciones de derechos para pago de dinero, que no se refieren al precio aplazado de la compraventa de inmuebles, cuando no se fije plazo, o no se indique en el título que motiva la mención que se constituye un gravamen sobre el inmueble, si hubieren transcurrido más de cinco años."

En el presente caso, el derecho mencionado no era una hipoteca ni el precio aplazado de la compraventa de inmuebles, ni parte del precio de la compra. Aparentemente, el registrador asume que no se fijó término alguno para el pago de las obligaciones pendientes, y que la escritura de parti-

ción no creó, a su vez, un gravamen sobre la propiedad. Su contención es que una carga o gravamen sobre la finca emanaba como cuestión de derecho de la condición unida a la partición. Puede admitirse que el criterio así adoptado es sostenible. No embargante esto, jamás se inscribió formalmente el gravamen, sino que meramente se hizo mención de él al inscribir la escritura evidenciando el traspaso de título a los copartícipes, quienes eran los causahabientes de la Sra. Quiñones. El fin de la ley fué hacer que los dueños de bienes inmuebles pudieran obtener la cancelación de simples menciones de tales cargas y gravámenes no inscritos sin la molestia e incomodidad de conseguir que partes interesadas les otorgaran una cancelación formal ante notario público.

Nada hay que demuestre que en efecto se le presentara al registrador copia de la escritura de participación, pero la negativa de cancelar la mención susodicha no se basa en esta omisión.

*Debe revocarse la nota recurrida.*