José Frontera Maristany, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 817.—*Sometido:* Noviembre 3, 1930. *Resuelto:* Diciembre 18, 1930.

*O. Souffront,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

José Frontera Maristany trató de obtener ciertas cance-

laciones a virtud de la ley de agosto 29, 1923, según fué enmendada en 1924, que lee como sigue:

"Sección 1.—Los registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar en el respectivo registro:

"(a) Las menciones de hipotecas o de precio aplazado de la compraventa de inmuebles, ya consten en los antiguos y modernos libros del registro, si hubieren transcurrido más de (20) veinte años desde que se verificó la respectiva mención, cuando la parte interesada no hubiere solicitado la inscripción del derecho mencionado dentro del plazo de un año siguiente al día 29 de agosto de 1923, o hubiere promovido, dentro de ese período, demanda en reclamación ·de su derecho, anotándola en el registro. Las menciones de censo no se cancelarán de los antiguos o modernos libros del registro cuando la parte interesada solicite la traslación del asiento o mención del derecho mencionado a los modernos libros del registro dentro del plazo de dos años a contar desde el día en que empiece a regir esta Ley o promueva dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro; *Disponiéndose,* además, que dichos registradores de la propiedad a instancia escrita' de parte o de su representante, autenticada ante notario, procederán a cancelar también en el respectivo registro ·cualesquiera otras menciones de derechos para pago de dinero, que no se refieran al precio aplazado de la compraventa de inmuebles, cuando no se fije plazo, o no se indique en el título que motiva la mención que se constituye un gravamen sobre el inmueble, si hubieren transcurrido más de cinco años."

La naturaleza de las cancelaciones que se trataban de obtener era así: con relación a cierta finca conocida con el nombre de "F", Juliana Vélez, aparentemente dueña anterior, inscribió un traspaso según el cual ella pagó cierta suma en efectivo y tenía que pagar ciertas otras cantidades por las que convino en otorgar hipoteca, y se hizo una mención similar con respecto a una finca conocida por "G". Al solicitar estas cancelaciones, el recurrente también llamó la atención hacia la decisión de esta corte en el caso de *Viuda de Quiñones* v. *Registrador de Mayagüez,* 39 D.P.R. 833. En el presente caso, al igual que en aquél, la hipoteca nunca fué realmente otorgada y es difícil distinguir un caso del otro.

El registrador, sin embargo, alega que en el presente la mención que se hizo de la hipoteca que debía otorgar Juliana Vélez fué un gravamen definitivo sobre la propiedad y que estaba excluída de la ley de 1923; que surgiría la presunción de que Juliana Vélez otorgó la hipoteca. El recurrente llama nuestra atención hacia el caso de *Vega* v. *Ponce*, 34 D.P.R. 9, al efecto de que aclara algunas de las dudas del registrador; pero preferimos basar nuestra decisión enteramente en el hecho de que el caso no puede distinguirse del de *Quiñones* v. *Registrador, supra*. Quizá puede decirse que la mención de deudas en el registro no participa de naturaleza real hasta que se otorga e inscribe formalmente la hipoteca.

*Debe revocarse la nota recurrida y efectuarse las cancelaciones.*