LLINÁS, RECURRENTE, *v.* EL REGISTRADOR DE PONCE, RECURRIDO.

No. 601.—*Sometido:* Noviembre 18, 1924. *Resuelto:* Enero 21, 1925.

CANCELACIÓN DE GRAVÁMENES O DERECHOS CADUCADOS—PRECIO APLAZADO.—Recurrida la nota que denegó la cancelación de cierto derecho que aparece reservado en una finca que fué agrupada con otras, *se resolvió:* que apareciendo de la inscripción que el precio de la venta de la finca se pagaría a plazos y que el vendedor se reservó el dominio o señorío hasta la extinción de la deuda, o como se hace constar al final de la inscripción: en garantía del pago de dicho precio, es preciso concluir que la reserva no podía tener más efecto que la de una garantía o gravamen para responder del precio aplazado. Las secciones 1 y 2 de la Ley No. 12 de 1923, enmendada en 1924, no señalan por sus nombres esta clase de gravámenes, pero en su naturaleza y por su objeto son equivalentes a los gravámenes hipotecarios de que habla la sección 2ª. *supra.*

ID.—MENCIONES.—Fué la intención de la Legislatura extinguir por ministerio de la Ley No. 12 de 1923, enmendada en 1924, todas aquellas menciones y gravámenes comprendidos en las secciones 1 y 2 para que por el transcurso de los términos especificados, queden borrados los defectos que en los títulos puedan existir en virtud de tales gravámenes, obedeciendo sin duda al fundamento de la prescripción, encaminada a dar fijeza a la propiedad y evitar o poner fin a las cuestiones litigiosas.

NOTA de *M. Planellas,* R. (Ponce), denegando la cancelación de cierto derecho sobre una finca. *Revocada.*

*V. Zayas Pizarro,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Este es un recurso contra la nota del Registrador de

Ponce que deniega la cancelación de cierto derecho que aparece reservado en una finca de 30 cuerdas a favor de Juan Pablo Acevedo, quien fué uno de sus anteriores dueños.

La nota del registrador dice:

"1⁰ El documento está en contradicción con lo que resulta del Registro. Doña María Llinás Oliver no es dueña en pleno dominio de toda la finca de setenta y cinco cuerdas. Ha presentado ella inmediatamente después de este documento el título de venta que le otorgó su hermano Don Gabriel Llinás; pero éste no puede trasmitirle más de lo que tiene en el Registro. El tiene inscrita la finca en cuanto al dominio pleno de cuarenta y cinco cuerdas y sólo en cuanto al dominio útil de 30 cuerdas, habiéndose denegado la inscripción del dominio directo de las treinta cuerdas, por aparecer reservado a favor de Juan Pablo Acevedo. * * *

"2⁰ El documento desconoce la naturaleza del derecho de Juan Pablo Acevedo y es contrario a la Ley. No se trata de una simple mención de precio ni de la cancelación de un gravamen caducado, sino del dominio directo cuya 'extinción' en una persona sólo puede ocurrir cuando su derecho pasa legalmente a otra persona, por cuyos motivos se ha denegado la cancelación solicitada, * * *

La petición al registrador se basa en la Ley No. 12 de 29 de agosto de 1923, (2) p. (37) según fué enmendada por otra Ley No. 12, en 25 de junio de 1924, p. (109).

El apartado "a" de la sección 1ª de dicha ley tal como fué enmendada en 1924, dice lo siguiente:

"(a) Las menciones de hipoteca o de precio aplazado de la compraventa de inmuebles, ya consten en los antiguos y modernos libros del registro, si hubieren transcurrido más de veinte (20) años desde que se verificó la respectiva mención, cuando la parte interesada no hubiere solicitado la inscripción del derecho mencionado dentro del plazo de un año siguiente al día 29 de agosto de 1923, o hubiere promovido, dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro. Las menciones de censo no se cancelarán de los antiguos o modernos libros del registro cuando la parte interesada solicite la traslación del asiento o mención del derecho mencionado a los modernos libros del registro dentro del plazo de dos años a contar desde el día en que empiece a regir esta Ley o promueva dentro de ese período, demanda en reclamación de

su derecho, anotándola en el registro; *Disponiéndose, además,* que dichos registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar también en el respectivo registro cualesquiera otras menciones de derechos para pago de dinero, que no se refieran al precio aplazado de la compraventa de inmuebles, cuando no se fije plazo, o no se indique en el título que motiva la mención que se constituye un gravamen sobre el inmueble, si hubieren transcurrido más de cinco años.

Y la sección 2ª, en lo pertinente, prescribe:

"Sección 2.—Cualquier persona natural o jurídica, que sea dueña de bienes inmuebles sobre los cuales pesen gravámenes hipotecarios que tengan veinte (20) años de vencidos o de constituídos, si no tuvieren vencimiento, podrá presentar a la corte de distrito en que radiquen los bienes o la mayor parte de ellos, una petición solicitando la cancelación de dichas hipotecas, y el juez de dicha corte ordenará la citación del acreedor para que comparezca ante la misma dentro del término de diez (10) días, si la citación se hace en el distrito, de veinte (20) días si se hace fuera del distrito, pero dentro de la Isla, y cuarenta (40) días si se hace fuera de la Isla, a que exponga las razones por las cuales dichas hipotecas no deben ser canceladas.

*       *       *       *       *       *       *

"Transcurrido un año desde la vigencia de esta Ley, los registradores, a instancia de las personas interesadas ya indicadas, procederán a la cancelación de las hipotecas referidas en esta sección, sin necesidad de notificación alguna, si no se hubiere acreditado en el registro la interposición de la demanda en cobro de la misma o la de subsistencia de tales gravámenes."

La recurrente aparece ser dueña en el registro de una finca de mayor cabida, formada por agrupación de varias parcelas, entre las cuales se encuentra la de 30 cuerdas, inscrita al tomo 16 de Adjuntas, folio 210, finca No. 812, que perteneció a Juan Pablo Acevedo y que vendió a Gabriel Soto Medina por la suma de $575 pagaderos a $100 anuales siendo el último plazo de $75 que vencía en diciembre de 1879, reservándose el vendedor el derecho, dominio y señorío de la finca hasta la extinción total de lo adeudado. En la

inscripción se consigna además que el comprador Gabriel Soto Medina inscribió el dominio útil de la finca a título de compra, reservándose el dominio directo a favor del vendedor Acevedo.

Alega la recurrente que el registrador cometió error al resolver que ella no es dueña en pleno dominio de la finca objeto del recurso porque ha dado más valor y efecto al derecho que se reservó el vendedor, ya que el mismo no fué otra cosa sino un simple gravamen para responder del precio aplazado.

Apareciendo de la inscripción que el precio de la venta se pagaría a plazos y que el vendedor se reservó el dominio o señorío hasta la extinción de la deuda, o como se hace constar al final de la inscripción: en garantía del pago de dicho precio, parece fácil que debemos tener por cierto que la reserva no podía tener más efecto que la de una garantía o gravamen para responder del precio aplazado. Las secciones arriba insertas no señalan en verdad por sus nombres esta clase de gravámenes, pero en su naturaleza y por su objeto no vemos que se pueda diferenciar de los gravámenes hipotecarios de que habla la sección 2ª *supra,* por lo que existiendo igual situación legal debe aplicarse la misma razón de derecho, pues en todo caso no podía aplicársele ninguna de las denominaciones de cualquiera de los contratos que definen nuestras leyes civiles, porque si bien en el censo enfitéutico se separa el dominio directo y el útil, el derecho del censualista es el de percibir una pensión y por ello no puede equipararse el gravamen que nos ocupa.

Por otro lado, no tenemos dudas que fué la intención de nuestra Legislatura extinguir por ministerio de la ley todas aquellas menciones y gravámenes comprendidos en las secciones citadas para que por el transcurso de los términos especificados, queden borrados los defectos que en los títulos puedan existir en virtud de tales gravámenes, obedeciendo sin duda al fundamento de la prescripción, encaminada a

dar fijeza a la propiedad y evitar o poner fin a las cuestiones litigiosas.

Por lo expuesto, la *nota debe revocarse y ordenarse la cancelación solicitada.*