Francisco Pagán Acosta, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 798.—*Sometido:* Enero 22, 1930.—*Resuelto:* Enero 31, 1930.

El recurrente compareció por escrito; el registrador recurrido no compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

En la escritura de partición de los bienes relictos a su fallecimiento por Altagracia del Río Vargas correspondió a su hija María Josefa Simonetti y del Río como legítima la cantidad de $532.60 y se hizo cargo de pagar las siguientes deudas: A Francisca Simonetti, $37; a Margarita Simonetti, $40; a Juliana Vélez, por pagaré que firmó a su favor, $60; y el importe de los gastos calculados para la testamentaría, $75, sumando esas deudas y su haber hereditario la cantidad de $744.60, por cuyo montante le fueron adjudicadas varias fincas, una de las cuales pertenece ahora por título de compra a Francisco Pagán Acosta a cuyo favor está inscrita en el registro de la propiedad.

Copia de esa escritura fué presentada por Pagán Acosta al Registrador de la Propiedad de San Germán en 5 de enero de 1930 con una solicitud que firmó ante notario en la que

pidió que cancelase en su registro las menciones de esas deudas, exponiendo para ello que fueron mencionadas en la inscripción hecha en 2 de abril de 1919, o sea, hace más de cinco años; que no se refieren a precio aplazado de la compraventa de inmuebles; que no se fija en ellas plazo alguno de vencimiento ni se indica en el título que motivó las menciones que se constituye gravamen alguno sobre el inmueble de referencia; y que de las referidas menciones no se ha hecho reclamación alguna en el registro, conforme a lo que prevé la ley a los fines de reconocer la subsistencia de tal derecho.

A esa petición puso el registrador la siguiente nota:

"Denegada la cancelación solicitada de las menciones de pago de dinero, a que se refiere el documento que precede, con vista de otra escritura, porque no se trata en este caso de una simple mención de pago de dinero, pues según se evidencia del contexto de la escritura número 587 otorgada en Mayagüez a 1°. de diciembre de 1905 ante el notario Mariano Riera Palmer, sobre partición de herencia entre los herederos de Altagracia del Río Vargas, en su página 8, al hacerse la adjudicación de bienes a la heredera María Josefa Simonetti y Ríos, ésta constituyó y aceptó una obligación pura, perfecta y exigible de pagar: a Francisca Antonia Simonetti, $37; a Margarita Simonetti, $40; a Juliana Vélez, según pagaré que le firmó, $60, y el importe de los gastos calculados para la testamentaría, $75, adjudicándosele entre otros bienes la finca rústica a horno de cal y cantera que se describe en este documento. Ha sido pues, obligación ineludible de dicha heredera deudora o quienes sus derechos representaren, si querían liberar de dichas obligaciones de pago los bienes o finca rústica de referencia, SOLICITAR a los referidos acreedores y satisfacerles las sumas a ellos debídasles, pues no puede imputarse a dichos acreedores causa alguna que justifique la prescripción de sus derechos en cuanto a su acreencia y menos de aquél que tiene el pagaré otorgádole por la deudora sin fecha de vencimiento, a menos que ignorándose la existencia o el paradero de los mismos se hubiera concurrido a la corte correspondiente a usar de los derechos que le conceden los artículos 1144, 1145, 1146 y 1148 del Código Civil y el 1130 y 1192 del citado texto legal por lo que no se puede convenir en la pretensión del peticionario solicitando que se declaren prescritas dichas deudas al amparo de la ley No. 12 de 25 de junio

de 1924, tomándose en su lugar anotación preventiva por el término de ciento veinte días . . . ''

No habiendo sido recogido ese documento por su presentante el registrador lo envió a este tribunal de acuerdo con la ley, donde Pagán Acosta se ha limitado a reproducir las manifestaciones hechas en su petición sin que el registrador haya presentado alegato.

La lectura de la nota del registrador nos convence de que ha negado fundamentalmente las cancelaciones solicitadas porque entiende que para verificarlas es necesario que se justifique el pago de esas deudas, pues todos los artículos que cita se refieren al pago de lo debido o a su consignación.

Ese criterio del registrador es completamente erróneo, pues independientemente del pago hay ciertas causas por las cuales procede la cancelación en el registro de determinadas constancias de él, pues como dijimos en el caso de *Llinás* v. *Registrador,* 33 D.P.R. 925 en relación con la Ley No. 12 de 29 de agosto de 1923 regulando el procedimiento para la cancelación de gravámenes y menciones de derechos y la extinción de ciertas inscripciones y anotaciones por el lapso de tiempo, en el registro de la propiedad, cuyo apartado (*a*) fué enmendado por la ley de igual número de junio 25, 1924, el objeto de dicha ley fué extinguir por ministerio de ella todas aquellas menciones y gravámenes comprendidos en sus disposiciones para que por el transcurso de los términos especificados queden borrados los defectos que en los títulos puedan existir en virtud de tales gravámenes, obedeciendo sin duda al fundamento de la prescripción, encaminada a dar fijeza a la propiedad y evitar o poner fin a las cuestiones litigiosas. Así, pues, la cuestión en este caso no es si las deudas mencionadas han sido pagadas o consignadas sino si el recurrente está amparado en su petición por dicha ley, la que en su sección primera según quedó enmendado su apartado (*a*) dice así:

''Los registradores de la propiedad a instancia escrita de parte

o de su representante, autorizada ante notario, procederán a cancelar en el respectivo registro:

"(a) Las menciones de hipotecas o de precio aplazado de la compraventa de inmuebles, ya consten en los antiguos y modernos libros del registro, si hubieren transcurrido más de veinte (20) años desde que se verificó la respectiva mención, cuando la parte interesada no hubiere solicitado la inscripción del derecho mencionado dentro del plazo de un año siguiente al día 29 de agosto de 1923, o hubiere promovido, dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro. Las menciones de censo no se cancelarán de los antiguos o modernos libros del registro cuando la parte interesada solicite la traslación del asiento o mención del derecho mencionado a los modernos libros del registro dentro del plazo de dos años a contar desde el día en que empiece a regir esta Ley o promueva dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro; *Disponiéndose, además,* que dichos registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar también en el respectivo registro cualesquiera otras menciones de derechos para pago de dinero, que no se refieran al precio aplazado de la compraventa de inmuebles, cuando no se fije plazo, o no se indique en el título que motiva la mención que se constituye un gravamen sobre el inmueble, si hubieren transcurrido más de cinco años."

Según el *disponiéndose* del apartado transcrito los registradores cancelarán cualquier mención de derecho para el pago de dinero siempre que no se refiera al precio aplazado de la compraventa de inmuebles, cuando no se fije plazo o no se indique en el título que motiva la mención que se constituye un gravamen sobre el inmueble; y como resulta en este caso, según la escritura, que las deudas mencionadas no se refieren a precio aplazado de compraventa de inmuebles ni se constituye por ella gravamen alguno sobre los inmuebles que adquirió María Josefa Simonetti y del Río por herencia; y como además han transcurrido más de cinco años desde que las obligaciones de pago fueron mencionadas en el registro, deben ser canceladas tales menciones.

*La negativa del registrador debe ser revocada y ordenarse las cancelaciones solicitadas.*