Ramón Alequín, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

No. 937.—*Sometido:* Diciembre 7, 1934. *Resuelto:* Diciembre 19, 1934.

*Enrique Báez García,* abogado del recurrente; el registrador recurrido no compareció.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El apartado (*a*) de la sección 1ª. de la Ley No. 12 de 1923, según fué enmendada en 1924, Leyes de ese año, página 109, autoriza la cancelación de menciones de hipotecas o de precio aplazado de la compraventa de inmuebles, después del transcurso de veinte años, a menos que se hubiere solicitado la inscripción del derecho mencionado dentro del plazo de un año siguiente al día 29 de agosto de 1923. La misma sección dispone más adelante que "dichos registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar también en el respectivo registro cualesquiera otras menciones de dere-

chos para pago de dinero, que no se refieran al precio apla-
zado de la compraventa de inmuebles, cuando no se fije plazo,
o no se indique en el título que motiva la mención que se
constituye un gravamen sobre el inmueble, si hubieren trans-
currido más de cinco años.''

■■ Ramón Alequín Valle manifestó en una declaración
jurada ante un notario que era el dueño con título inscrito
de una parcela de terreno gravada con el pago de ciertas
deudas o reclamaciones contra la sucesión de Juan Tomás
Pérez y Nicolasa Torres Rosa y que ni los nombres de los
acreedores ni las cantidades o fechas de vencimiento de tales
deudas o reclamaciones aparecían en el registro de la pro-
piedad, pero que durante el año 1923 se había hecho mención
de dichas deudas o reclamaciones en varias inscripciones. El
registrador de la propiedad se negó a cancelar la mención
de estas deudas fundado en que la finca en cuestión, conforme
demostraba la inscripción a nombre del dueño anterior, Jesús
Pérez Torres, le había sido adjudicada sujeta a la obligación
de pagar las deudas ya referidas, obligación que constituía
un gravamen y no la mención de un derecho. En este caso,
al igual que en el de *Quiñones v. Registrador de la Propiedad
de Mayagüez,* 39 D.P.R. 833, y *Pagán v. Registrador de San
Germán,* 40 D.P.R. 492, el registrador no dice que las deudas
de referencia formaban parte del precio de la compraventa
o que participaran de la naturaleza de un pago aplazado, y,
por tanto, no discutiremos esa cuestión ni nos detendremos
a reconsiderar a iniciativa propia nuestro *obiter dicta* en
estos casos. En el presente caso el registrador ni siquiera
ha radicado alegato. Estamos enteramente contestes con él
en que la obligación de pagar deudas en descubierto equi-
valía a una carga o gravamen sobre la propiedad, pero esto,
sin más, no convirtió una mera mención de la obligación en
una inscripción formal de la misma. La única razón que tuvo
el registrador para negarse a cancelar la mención de esta
carga o gravamen no indica que la escritura a virtud de la
cual se le adjudicó el terreno a Pérez Torres constituía en

822

términos expresos un gravamen sobre la finca. Por ende, la mera mención del hecho de que la propiedad le fuera adjudicada a Pérez Torres sujeta a la obligación de parte suya de pagar ciertas deudas insolutas contra la finca, debió haber sido cancelada por el registrador al hacérsele la debida solicitud, no embargante el hecho ulterior, que se desprendía de la mención, de que el gravamen no inscrito resultante por inferencia de dicha obligación podía o no continuar existiendo. Véase *Quiñones* v. *Registrador,* supra.

*Debe revocarse la nota recurrida.*