Hernaiz, Targa & Co., en liquidación, recurrente, *v.* El Registrador de la Propiedad de Ponce, recurrido.

No. 971.—*Sometido:* Febrero 25, 1936. *Resuelto:* Febrero 28, 1936.

*Carlos J. Teissonniere*, abogado de la recurrente; el registrador recurrido no compareció.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

La cuestión a resolver en este caso es la de si es aplicable o no a los hechos del mismo la Ley núm. 12 de agosto 29, 1923 (1923 (2) pág. 37), tal como quedó enmendada en 1924, Leyes de 1924, p. 109, en la parte que dice:

"Los registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar en el respectivo registro:

"(*a*) Las menciones de hipotecas o de precio aplazado de la compraventa de inmuebles, ya consten en los antiguos y modernos libros del registro, si hubieren transcurrido más de veinte (20) años desde que se verificó la respectiva mención, cuando la parte interesada no hubiere solicitado la inscripción del derecho mencionado dentro del plazo de un año siguiente al día 29 de agosto de 1923, o hubiere promovido, dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro."

Basándose en ese precepto, Hernaiz, Targa & Co., en liquidación, actuales dueños de cierta finca inscrita en el registro de la propiedad de Ponce, pidieron la cancelación de ciertas menciones hechas en relación con la misma y el regis-

trador considerando el precepto inaplicable negó la solicitud. De ahí este recurso.

De la documentación elevada aparece que en junio 21, 1906, se inscribió en el registro de la propiedad de Ponce la venta hecha por Miguel Rosich a José Zambrana de la finca de que se trata por precio de $2,800 que el comprador se obligó a pagar en plazos anuales de $400. Al margen de la inscripción hay una nota haciendo constar el pago del plazo de $400 vencido en 1907.

La inscripción a que acabamos de referirnos es la novena de la finca. Por la décima de fecha mayo 5, 1923, se inscribe la venta hecha por José Zambrana a Manuel Rodríguez por el precio de $100, haciéndose constar que el adquirente reconocía y se hacía cargo de los gravámenes que pesaban sobre la finca a favor de la Sucesión Rosich, obligándose a satisfacer a dicha sucesión los plazos de cuatrocientos dólares fijados en la escritura de venta de Rosich a Zambrana. El traspaso se hizo por escritura de marzo 21, 1907, que no se presentó al registro para su inscripción hasta abril 20, 1923.

Al margen de la inscripción décima vuelve a anotarse el pago del plazo de 1907 y luego por otra anotación separada se hace constar que Rodríguez había satisfecho a los herederos de Rosich $2,100 a cuenta del precio aplazado según resultaba de la escritura de cancelación parcial otorgada en marzo de 1913.

En el propio año de 1923 se presentó en el registro una escritura de cancelación del resto del precio aplazado otorgada por Miguel Morell como apoderado de los menores Rosich, para que se hiciera constar el pago de los últimos trescientos dólares, negándose a ello el registrador por observar que no se había acreditado legalmente el carácter de apoderado ostentado por Morell.

La parte interesada no solicitó la inscripción del derecho mencionado dentro de un año siguiente al día 29 de agosto de 1923, ni después, sin que tampoco promoviera dentro de ese

período, ni después, demanda en reclamación de su derecho, anotándola en el registro.

Así las cosas, fué que en diciembre 13, 1935, Hernaiz, Targa & Co., en liquidación, se dirigieron al registrador por escrito pidiéndole la cancelación de la mención de precio aplazado hecha en junio 21, 1906; las menciones de hipoteca y pago de $300 hechas en mayo 5, 1923, negándose el registrador a acceder a lo solicitado porque ya constaba del registro la cancelación de la anotación de los $2,800 de precio aplazado en cuanto a $2,500 y porque en cuanto al resto de $300, por la Corte de Distrito de Ponce por sentencia de abril 25, 1913, se había ordenado la cancelación y dicha cancelación había sido denegada en 1923.

En su alegato los recurrentes sostienen que a los efectos de computar los veinte años que fija la ley, no debe tomarse como punto de partida el año 1923 sino el 1906, ya que los asientos de 1923 son la consecuencia del de 1906.

No hemos tenido el beneficio de un alegato del registrador explicativo de su nota. La posición de los recurrentes nos parece lógica y justa, especialmente habido en cuenta el espíritu de la Ley núm. 12 de 1923, enmendada en 1924 (Ley núm. 12 de 1924, pág. 109).

No sólo aparece con toda claridad que el origen de las menciones de 1923 está en la de 1906, si que las notas de 1923 creditivas del pago de $400 y $2,100, en junto $2,500, de los $2,800 a que ascendía el precio aplazado mencionado originalmente en 1906, se basan en documentos auténticos otorgados en 1907 y en 1913. De suerte que de modo fehaciente se sabe que desde 1913 o sea desde hace más de veinte años, sólo quedaban por satisfacer trescientos dólares.

Esos trescientos dólares se satisficieron según el documento que dió lugar a la otra nota marginal de 1923, otorgado como dice la propia nota recurrida a virtud de sentencia judicial de 1913.

No se trata, pues, de menciones originales de 1923 en cuyo caso no sería aplicable la ley invocada, sino de una mención

de 1906, repetida en 1923 a virtüd de documentos otorgados en 1907 y en 1913. Siendo ello así, debe concluirse que han transcurrido los veinte años necesarios para la cancelación de acuerdo con la ley.

Ahora bien, no quiere esto decir que resolvamos que toda la razón asiste a los recurrentes. Creemos que constando del registro las cancelaciones parciales de la mención primitiva de $2,800 hasta la suma de $2,500, está bien fundada la nota recurrida en cuanto a ese respecto. Lo que procede es cancelar las menciones en cuanto al resto de $300 con lo cual se consigue el propósito de los recurrentes, a saber, que surja del registro que su finca está libre de la carga que pudiera pesar aún sobre ella por haberse dejado de pagar el precio aplazado de la compra de 1906.

*Debe revocarse la nota recurrida y los documentos devolverse al registro de su origen para que se proceda de acuerdo con lo que se deja expresado en esta opinión.*

El Juez Asociado Señor Córdova Dávila no intervino.