666

FELIPE OLIVERO GARCÍA, CÁNDIDA LÓPEZ DE FERNÁNDEZ Y HERIBERTO TORRES SOLÁ, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 978.—*Sometido:* Noviembre 2, 1936. *Resuelto:* Noviembre 30, 1936.

*Heriberto Torres Solá,* abogado de los recurrentes; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 28 de julio de 1936, los peticionarios solicitaron formalmente la cancelación de una anotación de demanda en los libros del Registro de la Propiedad de San Juan, Sección Primera. Pidieron esto fundados en que habían transcurrido cuatro años cinco meses desde que se efectuó el asiento y en que en su consecuencia el mismo estaba sujeto a cancelación de conformidad con el inciso (*b*) de la sección 1 de la Ley núm. 12 de 1923 (Sesión Extraordinaria de ese año, página 37).

La nota del registrador sustancialmente lee:

"Denegada la cancelación solicitada por observarse que no ha transcurrido el año que desde la vigencia de la Ley número 19 de 1936 se concede a la parte interesada para que pueda obtener de la Corte competente la prórroga de su anotación de la demanda, tomándose anotación preventiva por 120 días . . . ."

En 1923 la Legislatura aprobó una Ley (núm. 12, supra), que estableció un procedimiento definitivo para cancelar ciertos gravámenes y anotaciones de derechos reales, etc. por el transcurso del tiempo. En muchos casos redujo considerablemente el período prescriptivo existente antes de ese año. El inciso (b) de la sección 1 de esa ley provee:

"Sección 1.—Los registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar en el respectivo registro:

"(a)        .        .        .        .        .        .        .

"(b) Las anotaciones de embargo, prohibiciones de enajenar, anotaciones de demanda y cualesquiera otras hechas en virtud de mandamiento judicial que tengan más de cuatro (4) años de anotadas, si no hubieren sido prorrogadas por orden de la corte en que pendieren los casos, por justa causa. Si al entrar en vigor esta Ley hubiere transcurrido en totalidad dicho término o sólo restare del mismo un (1) año o menos, la parte interesada en la anotación tendrá un (1) año desde la vigencia de esta Ley para obtener de la corte competente la prórroga de la anotación.

"(c)        .        .        .        .        .        .        .

"(d)        .        .        .        .        .        .        .

La ley consta de cuatro secciones, cuya última dispone que las tres precedentes serán conocidas como secciones 388–a, 388–b y 388–c de la Ley Hipotecaria. En 1924 se enmendó el inciso (a) de esta sección (Ley núm. 12 de 1924, pág. 109). En 1936 se aprobó la Ley núm. 19, supra, que lee así:

"LEY para enmendar la Ley número 12 de agosto 29, 1923, enmendada a su vez por la Ley número 12 de junio 25, 1924, la que se insertará como artículo 388-A de la Ley Hipotecaria.

"*Decrétase por la Asamblea Legislativa de Puerto Rico:*

"Sección 1.—La Ley número 12 de agosto 29, 1923, según ha sido enmendada por la Ley número 12 de junio 25, 1924, queda enmendada y redactada del modo siguiente, y se insertará como Artículo 388-A de la Ley Hipotecaria.

" 'Artículo 388-A.—Los registradores de la propiedad, a instancia de parte, autenticada ante notario procederán a cancelar en el respectivo registro:

" '(a) Cualesquiera menciones de derechos reales que consten en los libros antiguos o modernos del registro, si hubiesen transcurrido más de diez (10) años desde que se verificó la respectiva mención, cuando la parte interesada dentro del plazo de seis (6) meses, a contar desde la fecha en que empiece a regir esta Ley, no hubiese solicitado la inscripción del derecho mencionado, o no hubiese promovido acción judicial en reclamación de su derecho anotando la demanda en el registro.

" 'Cualesquiera menciones de obligaciones para el pago de dinero y de precio aplazado de la compraventa de inmuebles, háyase o no fijado plazo para el cumplimiento de la obligación mencionada, que consten en los libros antiguos o modernos del registro, si hubiesen transcurrido más de cinco (5) años, desde que se verificó la respectiva mención, cuando la parte interesada, dentro del plazo de seis (6) meses, a contar desde la fecha en que empiece a regir esta Ley, no hubiese promovido acción judicial en reclamación de su derecho anotando la demanda en el registro.

" '(b) Las anotaciones de embargo, prohibiciones de enajenar, anotaciones de demanda y cualesquiera otras hechas en virtud de mandamiento judicial que tengan más de cuatro (4) años de anotadas, si no hubieren sido prorrogadas por orden de la corte en que pendieren los casos, por justa causa. Si al entrar en vigor esta Ley hubiere transcurrido en totalidad dicho término o sólo restare del mismo un (1) año o menos, la parte interesada en la anotación tendrá un (1) año desde la vigencia de esta Ley para obtener de la corte competente la prórroga de la anotación.

" '(c) Las inscripciones de fianzas hipotecarias para garantizar el ejercicio de cargos públicos verificadas a favor del Estado, municipio, instituciones o funcionarios del gobierno que tuvieren más

de veinte (20) años de constituídas, a no ser que, por autoridad competente, se comunicare al registrador en el término de seis (6) meses desde que comenzare a regir esta Ley, que el funcionario a cuyo favor se prestó la fianza está en el ejercicio del mismo o existen reclamaciones pendientes por razón de dicho ejercicio.

" '(d) Los gravámenes por razón de sentencias que tengan más de cinco años de constituídas en el registro, si este lapso de tiempo no fuere prorrogado por orden de la corte competente, sin que en caso alguno esta prórroga puede exceder de cinco (5) años.'

"Sección 2.—Por la presente se declara que existe una emergencia que justifica la inmediata vigencia de esta Ley, y por tanto, la misma regirá desde la fecha de su aprobación.

"Sección 3.—Toda ley o parte de la misma que se oponga a la presente, queda por ésta derogada.

"Aprobada en 9 de julio de 1936."

Esta ley enmienda nuevamente el inciso (a) de la sección primera, de la ley de 1923, según fué enmendada en 1924; pero meramente repite la fraseología de la ley de 1923 en lo que a los incisos (b), (c) y (d) de la misma sección se refiere. La cuestión ante nos es si el inciso (b), conforme fué repetido en la presente ley, extiende por un año más el derecho de los demandantes a obtener de una corte competente la renovación de una anotación de demanda sin cancelar.

En el recurso gubernativo núm. 979, *María Alejandro Pinto* v. *El Registrador de la Propiedad de San Juan, Sección Primera,* decidido en esta misma fecha (ante pág. 662) resolvimos que la ley de 1936, supra, no derogó implícitamente las secciones 2 y 3 de la ley de 1923. En ese recurso nos fundamos en el principio de que la Legislatura había expresado una política definida con respecto a la cancelación de los gravámenes mencionados en dichas dos secciones, y que no se expresó la intención clara de derogarlas.

En este caso tenemos unos peticionarios que, bajo la ley de 1923, tendrían un derecho absoluto e inmediato a la cancelación de la anotación de demanda. El párrafo de hecho enmendado por la ley de 1936 (el inciso (a)), redujo en

diez años el período prescriptivo allí mencionado. ¿Pudo haber sido la intención que la ley protegiera durante un año más a los demandantes cuyas anotaciones se habían hecho hasta 19 años antes de entrar en vigor? Parecería que en cuanto a aquellas personas cuyo derecho a solicitar la cancelación ya se había hecho absoluto bajo la ley de 1923, el alcance de la presente ley no tendría, o no debería tener, efecto alguno. La intención constante de la Legislatura expresada a través de varias leyes sobre la materia, milita en su contra. Nos sentimos obligados a convenir con los recurrentes en que la inclusión de las palabras que en la sección (b) se refieren al año extra, aparece allí por inadvertencia y que la Legislatura al copiar la sección 1 en su integridad no tuvo la intención de revivir el año de gracia. Ésta era una salvedad necesaria en aquella ley debido a que por primera vez se fijó un término específico después del cual podía obtenerse la cancelación sin necesidad de cumplir con los preceptos anteriores de la ley. En otras palabras, independientemente del derecho de acudir a una corte, se creó en el registro mismo una manera sumaria para cancelar.

*Debe revocarse la nota recurrida y ordenarse la cancelación.*

El Juez Presidente Señor del Toro no intervino.