Gregorio Jusino Velázquez, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

Núm. 1009.—*Sometido:* Noviembre 1, 1937. *Resuelto:* Diciembre 16, 1937.

*Negrón López & Negrón López* y *Luis López de Victoria,* abogados del recurrente;

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

En una escritura de partición se asignaron ciertas propiedades a una de las adjudicatarias para el pago de bajas. Había cuarenta y dos acreedores cuyas reclamaciones fluctuaban entre $1.42 y $2,500. La deuda total ascendía a unos $17,292.70. El adquirente de una de estas propiedades, después de más de cinco años de haberse inscrito la misma a nombre de la persona de quien la hubo, la adjudicataria arriba mencionada, solicitó se cancelara la mención de las obligaciones asumidas por la adjudicataria. El registrador se negó a cumplir con esta súplica.

La sección 388-A de la Ley Hipotecaria, tal cual fué originalmente aprobada (Sesión Extraordinaria de 1923, pág. 37), autorizaba la cancelación de "las menciones de hipotecas, de censos y de otros derechos para el pago de dinero o precio aplazado de la compraventa de inmuebles", si hubieren transcurrido más de veinte años, a menos que el derecho mencionado se haya inscrito o se haya promovido demanda en reclamación de tal derecho dentro de determinado período de tiempo. Una enmienda de 1924 (Ley núm. 12, Sesión Ex-

traordinaria, pág. 109), sin modificar substancialmente la ley anterior en lo relativo a hipoteca, precios aplazados y censos, dispuso:

". . . . Que dichos registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar también en el respectivo registro cualesquiera otras menciones de derechos para pago de dinero, que no se refieran al precio aplazado de la compraventa de inmuebles, cuando no se fije plazo, o no se indique en el título que motiva la mención que se constituye un gravamen sobre el inmueble, si hubieren transcurrido más de cinco años.''

En 1936 (Ley 19, Tercera Sesión Extraordinaria, pág. 149) la sección fué nuevamente enmendada con el fin de autorizar la cancelación de:

''(a) Cualesquiera menciones de derechos reales que consten en los libros antiguos o modernos del registro, si hubiesen transcurrido más de diez años desde que se verificó la respectiva mención, cuando la parte interesada dentro del plazo de seis meses, a contar desde la fecha en que empiece a regir esta ley, no hubiese solicitado la inscripción del derecho mencionado, o no hubiese promovido acción judicial en reclamación de su derecho anotando la demanda en el registro.

''Cualesquiera menciones de obligaciones para el pago de dinero y de precio aplazado de la compraventa de inmuebles, háyase o no fijado plazo para el cumplimiento de la obligación mencionada, que consten en los libros antiguos o modernos del registro, si hubiesen transcurrido más de cinco años, desde que se verificó la respectiva mención, cuando la parte interesada, dentro del plazo de seis meses, a contar desde la fecha en que empiece a regir esta ley, no hubiese promovido acción judicial en reclamación de su derecho anotando la demanda en el registro.''

El artículo 36 de la Ley Hipotecaria provee:

''Las acciones rescisorias y resolutorias no se darán contra tercero que haya inscrito los títulos de sus respectivos derechos conforme a lo prevenido en esta ley.''

El inciso 1 del artículo 37 exceptúa de esta regla ''las acciones rescisorias y resolutorias que deban su origen a

causas que consten explícitamente en el registro.'' El artículo 23 lee en parte así:

"En la adjudicación de bienes inmuebles determinados en una herencia o concurso a un partícipe, a un acreedor o a un extraño, con la obligación de emplear su importe en el pago de deudas o cargas de la misma herencia o concurso, se hará constar la condición con la cual los bienes se adjudican al inscribirlos a nombre del adjudicatario, y surtirá los efectos que esta ley establece en el número 1ro. del artículo 37.''

El efecto del artículo 23 es hacer que la propiedad adjudicada, así como el adjudicatario y sus causahabientes, respondan del incumplimiento de la obligación resolutoria contenida en la adjudicación. Se hace que la condición resolutoria constituya un gravamen sobre la finca. Sujeta directa e inmediatamente al inmueble. No se extingue por una enajenación posterior ni por la muerte del adjudicatario. Es un derecho real. Véase 2 Escriche 669; 18 Corpus Juris 786, notas 14–15.

El hecho de que la Legislatura singularizara e incluyera específicamente entre las menciones que pueden ser canceladas luego de transcurridos cinco años la mención de precio aplazado, no milita contra la anterior conclusión, sino que de acuerdo con el principio de *expressio unius est exclusio alterius* tiende a fortalecerla. De ello se desprende, desde luego, que la mención envuelta en el presente recurso es una de esas que pueden ser canceladas tan sólo después de haber transcurrido diez años. Se colige además que los casos de *Quiñones* v. *Registrador de Mayagüez*, 39 D.P.R. 833; *Pagán* v. *Registrador de San Germán*, 40 D.P.R. 492 y *Alequín* v. *Registrador de Mayagüez*, 47 D.P.R. 820, todos los cuales fueron resueltos con anterioridad a la enmienda de 1936, no son aplicables. La cuestión que ahora está ante nos no estuvo envuelta ni fué decidida en *Pinto* v. *Registrador de San Juan*, 50 D.P.R. 662, ni en *Olivero* v. *Registrador de San Juan*, 50 D.P.R. 666.

*Debe confirmarse la nota recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.