Tomás Suárez, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Núm. 1018.—*Sometido:* Febrero 15, 1938. *Resuelto:* Marzo 25, 1938.

P. *Amado Rivera,* abogado del recurrente;

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En enero 22 de 1929, Tomás Suárez Bernal y Susie Partie Johns Kimball fueron declarados únicos herederos de Hazel Clair St. Johns. Posteriormente, con fecha 28 de marzo de 1929, otorgaron una escritura de partición de herencia a virtud de la cual se adjudicaron a Tomás Suárez tanto los bienes muebles como los inmuebles, sujeto al pago de las deudas de la herencia. Éstas se hicieron constar expresamente en la escritura. Sin embargo, no fué hasta el 8 de octubre de 1936 que se inscribió finalmente la escritura en el Registro de la Propiedad de San Juan, sujeta al pago de las deudas arriba descritas.

Bajo estas circunstancias, allá para el mes de febrero de 1938, Suárez solicitó se cancelara la condición arriba expre-

---

* Nota: Véase el prefacio.

sada en lo que se refería a cierto inmueble situado en Río Piedras. Su súplica se basaba en que de acuerdo con la Ley núm. 12 de 1923 (Sesión Extraordinaria, pág. 37), según fué enmendada por la Ley Núm. 12 de 1924 (Sesión Extraordinaria, pág. 109), y de conformidad con el caso de *Hernaiz Targa & Co.* v. *Registrador,* 49 D.P.R. 660, la mención del gravamen había prescrito. El registrador denegó la cancelación solicitada mediante la siguiente nota:

"Denegada la cancelación de la mención de bajas del caudal hereditario de Hazel Clair St. Johns por valor de 26,212 dollars 37 centavos, que se solicita en este *affidavit* porque aquélla fué hecha el 8 de octubre de 1936 y aún no han transcurrido los diez años que fija la ley 19 de 1936, que enmendó la 12 de 1923, pues el plazo no se cuenta, como pretende el solicitante, a partir de la fecha del título (que es de 28 de marzo, 1929), sino desde que la mención se hizo en el Registro de la Propiedad, según ha declarado la Honorable Corte Suprema en el caso *Velázquez* v. *Registrador* (52 D.P.R. 398). Queda tomada anotación preventiva por 120 días a favor de Tomás Suárez al margen de la inscripción 2 de la finca 5776, folio 128, tomo 113, de Río Piedras. San Juan, febrero 5 de 1938."

No tenemos duda de la certeza de la posición asumida por el registrador. El caso de *Hernaiz Targa* v. *Registrador,* supra, no es aplicable en sus hechos y la opinión excluye en su alcance judicial la presente situación. En dicho recurso la mención original de los pagos aplazados de la compraventa se hizo en 1906, y este tribunal resolvió que aunque la misma mención fué repetida en 1923, debía regir la fecha original en lo que al período prescriptivo de la cancelación se refería.

Este tribunal dijo:

"No se trata, pues, de menciones originales de 1923 en cuyo caso no sería aplicable la ley invocada, sino de una mención de 1906, repetida en 1923 a virtud de documentos otorgados en 1907 y en 1913. Siendo ello así, debe concluirse que han transcurrido los veinte años necesarios para la cancelación de acuerdo con la ley."

La única *mención* existente en el caso que está ante nos, surgió en 1936 al inscribirse la escritura, y la contención de

que la fecha que debe considerarse es la del otorgamiento de la escritura es insostenible. Hasta el momento en que aparece la mención en el registro no puede empezar a correr el período prescriptivo para los fines de su cancelación.

El caso de *Jusino Velázquez* v. *Registrador,* 52 D.P.R. 398 decide que el gravamen en un caso como el presente es uno de naturaleza real que sujeta al inmueble directa e inmediatamente y que no puede ser cancelado hasta que hayan transcurrido diez años, y no cinco como sostiene el recurrente. Ésta sería de por sí otra razón para confirmar la nota del registrador.

*Debe confirmarse la nota recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.