JORGE LUIS CÓRDOVA Y FRANK BESOSA, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

*Número:* 1393   *Resuelto:* 20 de diciembre de 1961

*Domínguez y Domínguez,* abogados de los recurrentes. *El Registrador* recurrido remitió al Tribunal Supremo el documento presentado en el Registro por los recurrentes con su nota denegatoria.

Sala integrada por el Juez Presidente señor Negrón Fernández como Presidente de Sala y los Jueces Asociados señores Blanco Lugo y Dávila.

San Juan, Puerto Rico, a 20 de diciembre de 1961

RESOLUCIÓN

Los recurrentes presentaron en 16 de marzo de 1961 una instancia al Registrador de la Propiedad de Guayama para que procediera a cancelar una mención del derecho de usufructo vidual que se había practicado a favor de doña Carmen Flores en 1 de julio de 1943 en relación con cuatro fincas rústicas sitas en el barrio Caonillas de Aibonito. Se denegó la cancelación solicitada por entender el recurrido que el artículo 388A de la Ley Hipotecaria, 30 L.P.R.A. sec. 703, no era aplicable a una *mención* del derecho de usufructo del cónyuge supérstite y por existir una anotación vigente de cancelación del *derecho* de usufructo por renuncia del mismo calificado como donación.[1]

---

[1] La nota denegatoria lee como sigue:

"Denegada la cancelación que comprende este documento por nota al margen de la Ins. 1a. de la finca Núm. 3337 al folio 193 vuelto del tomo 66 de Aibonito, por observarse que existe una anotación vigente de cancelación del derecho de usufructo que refiere dicho documento por renuncia del mismo calificada como donación con arreglo a la Sección 1a. de la Ley número 303 de 12 de abril de 1946, según enmendada, sin haberse producido el recibo acreditativo del pago de la contribución de donación o la exención en su caso, con arreglo al artículo 12 de dicha ley según enmendada; y considerando asimismo inaplicable el artículo 388A a la cancelación de la mención de que se trata visto lo dispuesto en los artículos 735 y 761 del Código Civil según los cuales el usufructo vidual constituye la legítima forzosa del viudo o viuda de variable cuota fija, según los casos de concurrencia a la herencia, así testada como intestada, dándose la separación

Según se expresó en *Llinás* v. *Registrador*, 33 D.P.R. 925 (1925) la aprobación del artículo mencionado respondió a la intención legislativa de extinguir todas aquellas menciones—entre ellas las de derechos reales—para que por el transcurso de los términos especificados—en el caso de derechos reales diez años desde que se verificó la mención— quedarán borrados los defectos existentes en los títulos, "para dar fijeza a la propiedad y evitar o poner fin a las cuestiones litigiosas". Y en *Hernández Usera* v. *Registrador*, 54 D.P.R. 690 (1939) indicamos que por tratarse de una disposición de orden remedial, debe ser interpretada liberalmente. *Olivero* v. *Registrador*, 50 D.P.R. 666 (1936) : *Pinto* v. *Registrador*, 50 D.P.R. 662 (1936). Esta interpretación es extensiva trátese de menciones expresas o menciones de oficio, *Comunidad Religiosa* v. *Reyes*, 63 D.P.R. 493 (1944). Claramente las disposiciones del artículo 388-A (a) son aplicables a la mención del derecho de usufructo de un cónyuge viudo que se practicó al inscribirse los bienes del caudal a favor de los herederos. Los supuestos de extinción del derecho a que aluden los artículos 761 y 765 del Código Civil, 31 L.P.R.A. secs. 2411 y 2415—muerte del usufructuario y liquidación convencional de la cuota entre el cónyuge y los nudo propietarios—y las causas generales de extinción de todo usufructo a que se refiere el artículo 441 del susodicho

---

de la nuda propiedad con la consiguiente detracción del usufructo hasta que con la muerte del cónyuge usufructuario se consolide en el heredero el dominio, como caracteriza el artículo 761 aludido y visto lo dispuesto en el artículo 765 del propio código que autoriza el pago por los herederos al cónyuge de dicho usufructo en la forma que allí se indica y la extinción del mismo mediante tal pago, en defecto del cual se declara al usufructo gravamen sobre todos los bienes de la herencia, sin que se haya acreditado tal pago, ni la defunción del cónyuge de que se trata y visto además el artículo 441 del susodicho código por lo que atañe a las formas de extinción del usufructo en general, ninguna de las cuales se ha acreditado y mucho menos la de la prescripción que en todo caso sería la de treinta años y no la de diez años a que se contrae el 388A invocado en el escrito, habiéndose tomado en su lugar anotación preventiva por el término legal de 120 días a favor de don Jorge Luis Córdova Díaz y de don Frank A. Besosa, Guayama, a 14 de abril de 1961."

cuerpo legal, 31 L.P.R.A. sec. 1571, en nada obstan para impedir la procedencia de la cancelación solicitada. Al verificarse la cancelación de la *mención* no se implica que el *derecho* que pueda corresponder al cónyuge supérstite queda extinguido; éste conserva cualquier acción para la reclamación de su derecho contra los obligados. Simplemente se trata de una operación registral con efectos limitados al título de determinados inmuebles.

La existencia de una anotación preventiva en relación con la renuncia del *derecho* de usufructo mencionado es irrelevante cuando en efecto ha transcurrido el término de diez años desde que se verificó la mención a que se refiere la ley. Aparentemente el error consiste en confundir los efectos registrados de la *inscripción* de un derecho de usufructo vidual con la *mención* de ese mismo derecho hecha al proceder a practicar otras operaciones en las cuales no se solicitó expresamente la inscripción de dicho usufructo.

*Se revoca la nota recurrida de fecha 14 de abril de 1961 y se ordena la cancelación de la mención de usufructo solicitada.*

Así lo resolvió y manda el Tribunal y firma el Sr. Juez Presidente.

Luis Negrón Fernández,
*Juez Presidente.*

Certifico:

Ignacio Rivera,
*Secretario.*