SECRETARIO DE HACIENDA, recurrente, *v.* REGISTRADOR DE LA
PROPIEDAD, MIGUEL R. AGUILÓ, recurrido.

*Número:* G-65-3 *Resuelto:* 30 de junio de 1965

672

 

 

*J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados del recurrente. El Registrador recurrido compareció por escrito.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Dávila y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

En 7 de octubre de 1964, el Registrador recurrido denegó la inscripción de un Certificado de Compra de Bienes Inmuebles presentado por el recurrente, Secretario de Hacienda, por el cual se adjudicaron al Estado Libre Asociado de Puerto Rico dos fincas urbanas radicadas en el municipio de Ponce, como pertenecientes a Laura Gerardino Villanueva, luego de un procedimiento de apremio en cobro de contribuciones sobre ingresos. Dicha denegatoria fue notificada en 23 de marzo de 1965. Se radicó este recurso en 12 de abril de 1965. En su nota consignó el recurrido dos fundamentos para denegar la inscripción, a saber: (1) "no aparecer la finca embargada en cobro de la deuda que motivó el procedimiento en este caso y (2) que la finca aparece inscrita a favor de Laifra Corporation, persona distinta a la contribuyente morosa Laura Gerardino, siendo esto contrario a lo que dispone el Artículo 20 de la Ley Hipotecaria y lo resuelto en los casos de *Monge* v. *Registrador,* 22 DPR 294 (1915), *Igaravídez* v. *Registrador,* 16 DPR 689 (1910), *Morales* v. *Registrador,* 15 DPR 699 (1909), *Alonzo* v. *Registrador,* 15 DPR 35 (1909) y *Gavarain* v. *Registrador,* 14 DPR 123 (1908) . . ."

Apunta el recurrente, en síntesis, que el Registrador ignoró y se niega a conceder virtualidad a lo expuesto en el referido certificado, así como también ignora la constancia del registro, al efecto de que se trabó un embargo según lo autoriza la ley en cobro de las contribuciones en cuestión y se notificó a Laura Gerardino y a Laifra Corporation y al Lic. Alberto Gerardino como partes interesadas, de manera que no existía cuestión de terceros registrales. Apunta, además, en cuanto al segundo fundamento del Registrador que "conforme al art. 423 de la Ley de Contribuciones sobre Ingresos de 1954 [13 L.P.R.A. sec. 3423], . . . el carácter de gravamen preferente que tiene el Estado sobre 'todos los bienes inmuebles y derechos reales del contribuyente a partir de la fecha en que los recibos de contribuciones (sobre ingreso) están en poder del colector' autoriza" a éste, en el procedimiento de apremio, a sujetar bienes embargados del contribuyente a las resultas de sus gestiones cobratorias, no empece que un particular, con plena conciencia del gravamen, adquiera dichos bienes.

De acuerdo con los libros del Registro, el certificado del Colector relativo al *embargo* de las propiedades en cuestión, dentro del procedimiento de apremio iniciado por el Colector en cobro de las contribuciones sobre ingresos que en la suma de $31,605.95 adeudaba Laura Gerardino, correspondientes a los años 1941 a 1945, *fue presentado en 19 de mayo de 1958*, habiéndose firmado el despacho el 20 de dicho mes y año. La instancia *para su cancelación fue presentada en 21 de mayo de 1962*, habiendo sido firmada por el Registrador actuante en 22 de junio de 1962. *Las fincas* en cuestión *fueron vendidas por Laura Gerardino a Laifra Corporation en 27 de junio de 1961 y 18 de abril de 1962, respectivamente*, habiéndose *presentado al Registro* las escrituras acreditativas de estas transacciones en *3 de julio de 1961 y 21 de abril de 1962. El certificado que motiva este recurso fue suscrito por el Colector de Rentas Internas en 22 de agosto*

*de 1962.* Consta del mismo que (1) *el Estado Libre Asociado adquirió las fincas en cuestión* en subasta pública celebrada en *26 de junio de 1962* en cobro de las contribuciones antes mencionadas; y (2) que del embargo para asegurar el cobro de la contribución que motivó dicha subasta fueron notificados personalmente Laura Gerardino en 27 de mayo de 1958 y 31 de enero de 1962 en su carácter de dueña de los bienes embargados, y en 31 de enero de 1962 Laifra Corporation y el Lic. Alberto Gerardino, como partes interesadas.

Es cierto que el inciso (a) (1) de la Sec. 423 de la Ley de Contribuciones sobre Ingresos de 1954 (13 L.P.R.A. sec. 3423 (a) (1) ) dispone que el monto de dichas contribuciones constituirá un gravamen preferente a favor del Estado Libre Asociado de Puerto Rico sobre todos los bienes inmuebles y derechos reales del contribuyente a partir de la fecha en que los recibos estén en poder del Colector. Sin embargo, el inciso (a) (2) de la misma sección dispone que *dicho gravamen no será válido en cuanto a un comprador hasta que el Secretario haya anotado o inscrito el embargo a que se refiere el inciso (b) en esta sección.* En tal caso, el gravamen será válido y tendrá preferencia únicamente desde y con posterioridad a la fecha de tal anotación o inscripción. El inciso (b) de la sección en cuestión establece que las referidas contribuciones serán cobradas por el Secretario de Hacienda mediante el mismo procedimiento de apremio establecido por ley para el cobro de la contribución sobre la propiedad; que tan pronto dichas contribuciones hayan sido tasadas el Secretario podrá ordenar al Colector correspondiente que *embargue conforme al procedimiento de apremio, bienes* inmuebles del contribuyente para asegurar o hacer efectivo el pago de dichas contribuciones. El Art. 388C de la Ley Hipotecaria (30 L.P.R.A. sec. 705), dispone que los registradores de la propiedad procederán a cancelar de oficio, o a instancias de parte, las anotaciones de embargo por razón de contribuciones al transcurrir 4 años desde la fecha

de la anotación. El procedimiento de apremio a que hicimos referencia anteriormente requiere que se anote en el Registro de la Propiedad un embargo sobre bienes del contribuyente moroso y luego de recibida la orden o certificado del referido embargo, debe el Colector o agente dar aviso al dueño de la propiedad afectada en el sentido de que si todas las contribuciones, penalidades y costas adeudadas no fueren satisfechas dentro del período de tiempo fijado, los bienes embargados serán vendidos en pública subasta. Esta notificación por sí sola no inicia el procedimiento de cobro. Éste se considera iniciado cuando se embargan bienes del contribuyente para el cobro de las contribuciones. Código Político, Secs. 335, 339, 340, 341, 342, 343 (13 L.P.R.A. secs. 502, 506, 507, 508, 509 y 510). *Bianchi* v. *Domenech, Tesorero,* 47 D.P.R. 57 (1934).

█ Es cierto, como informa el Registrador recurrido, que cuando se publicaron los edictos de la subasta en este caso durante los días 18, 20 y 22 en El Mundo y durante los días 19, 21 y 23 en El Imparcial, en junio de 1962, y por consiguiente, cuando se llevó a cabo la subasta y el recurrente se adjudicó los bienes en 26 de junio de 1962 (según consta del Certificado que motiva este recurso), ya el embargo había sido cancelado. Sin embargo, la compradora de los bienes en cuestión los adquirió en 27 de junio de 1961 y 18 de abril de 1962 cuando aún estaba vigente y por lo tanto los adquirió sujeto a ese gravamen. Procede preguntar, por lo tanto, cuál fue el efecto de esa cancelación sobre los derechos del comprador.

█ Apunta el Registrador que apareciendo del Registro que el embargo se canceló a virtud de lo dispuesto en el Art. 388C de la Ley Hipotecaria, y siendo el embargo requisito previo del procedimiento de apremio y que el embargo tiene preferencia sólo desde su inscripción—la cual se canceló—es de aplicación el Art. 20 de la Ley Hipotecaria pues provocado el procedimiento de apremio en cobro de la

contribución sobre ingresos, no aparecen las fincas embargadas y sí inscritas a nombre de otra persona. Tiene razón. En *Llinás* v. *Registrador*, 33 D.P.R. 925 (1925), dijimos que fue la intención de nuestra legislatura *extinguir*, por ministerio de la ley todas aquellas menciones y gravámenes comprendidos en la Ley Núm. 12 de 29 de agosto de 1923 la que por enmienda posterior incluye el citado Art. 388C de la Ley Hipotecaria y que "por el transcurso de los términos allí especificados quedan borrados los defectos que en los títulos puedan existir en virtud de tales gravámenes, obedeciendo sin duda al fundamento de la prescripción, encaminada a dar fijeza a la propiedad y evitar o poner fin a las cuestiones litigiosas". Reafirmamos esta doctrina en *Aguilar* v. *Registrador*, 57 D.P.R. 610, 614 (1940), en *Hernández Usera* v. *Registrador*, 54 D.P.R. 690 (1939) y en *Pagán* v. *Registrador*, 40 D.P.R. 492, 494 (1930). La cancelación extingue el derecho inscrito; tiene directamente por objeto borrar la inscripción anterior y, extinguida aquélla, es como si no hubiera existido. La cancelación bajo el Art. 388C de la Ley Hipotecaria produce la caducidad del embargo por contribuciones. *Llenza* v. *Banco de Ponce*, 85 D.P.R. 793, 810 (1962); Galindo y Escosura, *Comentarios a la Legislación Hipotecaria de España*, Vol. III, pág. 10; Morell y Terry, *Comentarios a la Legislación Hipotecaria*, Vol. III, págs. 370–372. De manera que cancelada la anotación del embargo en cuestión por virtud de lo dispuesto en el referido Art. 388C de la Ley Hipotecaria no podía el recurrente concluir un procedimiento de apremio basado en dicho embargo, sino que venía obligado a embargar de nuevo antes de proceder a subastar los bienes a los efectos de cobrar las contribuciones adeudadas mediante el procedimiento de apremio. Pero esta gestión de nuevo embargo ya no la podía realizar en el Registro pues los bienes aparecían entonces inscritos a nombre de otra persona. En otras palabras, bajo las circunstancias de este caso no es el procedimiento de

apremio el recurso apropiado para hacer efectivo cualquier derecho contributivo que el recurrente pudiera tener.

*Por los motivos indicados, se confirmará la nota del Registrador.*