MILTON ZAPATA RAMÍREZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

*Número:* O-68-293    *Resuelto:* 3 de marzo de 1970

*Rodríguez Ema & Rodríguez Ramón, Rodolfo Zequeira* y *Denis Martínez Irizarry,* abogados del recurrente; El Registrador recurrido compareció por escrito.

PER CURIAM: En la partición de herencia de don José A. Zapata Muñoz se le adjudicaron expresamente al recurrente bienes inmuebles para el pago de deudas, haciéndose constar tal condición en la inscripción de dichos bienes verificada en 28 de agosto de 1963. Por instancia suscrita ante notario el recurrente solicitó la cancelación de tal mención por estimar que la misma constituye mención de obligación personal cancelable por el mero transcurso de cinco años.

El registrador suspendió la cancelación solicitada basándose en que la adjudicación de bienes en escritura particional para pago de deudas crea una obligación que constituye un derecho real cuya mención sólo puede cancelarse, en ausencia de suficiente acreditación de haberse satisfecho las deudas, después de transcurridos diez años.

El Art. 23 de nuestra Ley Hipotecaria, 30 L.P.R.A. sec. 48, lee en lo pertinente como sigue:

"En la adjudicación de bienes inmuebles determinados en una herencia o concurso a un partícipe, a un acreedor o a un extraño, con la obligación de emplear su importe en el pago de deudas o cargas de la misma herencia o concurso, se hará constar la condición con la cual los bienes se adjudican al inscribirlos a nombre del adjudicatario, y surtirá los efectos que este subtítulo establece en el número 1°. de la sec. 62 de este título."

Como resolvimos en *Jusino* v. *Registrador,* 52 D.P.R. 398, 400 (1937), el efecto de dicho Art. 23 es hacer que la propiedad adjudicada, así como el adjudicatario y sus causahabientes, respondan del incumplimiento de la obligación contenida en la adjudicación, por lo que tal condición constituye un derecho real que sujeta directamente al inmueble. En el

mismo sentido nos expresamos en *Suárez* v. *Registrador*, 52 D.P.R. 878, 880 (1938). En ambas decisiones también sostuvimos que ese derecho real no puede ser cancelado hasta que transcurran diez años.

Tal cuestión no estuvo envuelta en el caso de *Ríos Orvalle* v. *Rosaly*, 50 D.P.R. 682 (1936), citado por el recurrente. El otro caso citado por él es el de *Autoridad de Tierras* v. *Registrador*, 65 D.P.R. 18 (1945), y éste más bien ratifica lo que aquí decimos al decidir que la adjudicación de bienes hereditarios para pago de deudas constituye un gravamen sobre los bienes así adjudicados.

Es importante notar que los dos últimos apartados del Art. 23 de nuestra Ley Hipotecaria, 30 L.P.R.A. sec. 48, que se refieren al efecto de la inscripción de bienes adjudicados en una herencia para el pago de deudas, no tienen concordancia en la Ley Hipotecaria española y por lo tanto no son objeto de comentarios por los comentaristas españoles. Estos comentan los Arts. 29 y 45 de la Ley Hipotecaria de España que son distintos al texto nuestro.

La representación legal del recurrente nos invita a que variemos la norma que uniformemente hemos sostenido sobre el particular desde *Jusino* v. *Registrador*, supra, en adelante. Hemos leído su alegato pero no nos persuade. Preferimos, como hicimos en nuestras decisiones antes citadas, seguir el criterio expresado por el Tribunal Supremo de España en sus sentencias de 21 de mayo de 1880, de 23 de mayo de 1889, de 12 de diciembre de 1900 y de 15 de octubre de 1903 y por la Dirección General de los Registros en su resolución de 20 de agosto de 1906 en las cuales se sostiene que la adjudicación de bienes para el pago de deudas crea un derecho real en favor de los acreedores.

También al efecto preferimos el criterio expresado en el Art. 180 del Proyecto de Código Hipotecario para Puerto

Rico sometido por el Gobernador a la Asamblea Legislativa de Puerto Rico en el año 1967, P.C. 782 y P.S. 604 de ese año. Dicho artículo expresa, en lo pertinente, lo que sigue:

"En la adjudicación de bienes inmuebles determinados, o derechos sobre dichos bienes, en una herencia o concurso a un partícipe, a un acreedor, o a un extraño, con la obligación expresa de emplear su importe en el pago de deudas o cargas de la misma herencia o concurso, se hará constar la obligación con la cual los bienes se adjudican, que surtirá el efecto de rigurosa carga real a favor de los correspondientes acreedores."

Tanto el Art. 23 de nuestra Ley Hipotecaria como la disposición antes citada del Proyecto de Código Hipotecario son disposiciones creadas en Puerto Rico para nuestras particulares circunstancias y estimamos que no debemos abandonarlas sin fuertes razones las cuales no encontramos en este caso. Una razón importante, además de lo antes dicho, para sostener nuestro Art. 23 es que tal como está la ley es una manera efectiva de asegurar que la voluntad del causante o de los coherederos, según fuese el caso, se cumplirá. También quedan así mejor protegidos los acreedores, propósito evidente de la mención en el Registro de esas obligaciones. No debe entenderse en forma alguna que estamos sugiriendo que en el caso ante nos se intenta evadir dichas obligaciones pero, después de todo, las normas se establecen para todos los casos.

*Por creer que la norma vigente, creada en Puerto Rico para nuestro medio, es la mejor, resolvemos dictar sentencia confirmando la nota del Registrador.*

El Señor Juez Presidente no intervino.